IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DANIEL SCOTT MORGAN; and
CHRISTOPHER MICHAEL MORGAN                                         PLAINTIFFS

VS.                             3:14-CV-00015-BRW

WEST MEMPHIS STEEL & PIPE, INC.                                      DEFENDANT

ORDER

Pending is Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 4). Defendant has responded.[1] Plaintiffs have replied.[2] For the reasons set out below, the Motion is GRANTED.

1.      BACKGROUND[3]

Plaintiffs Scott Morgan and Chris Morgan (brothers) are former employees of Defendant West Memphis Steel & Pipe, Inc. Scott went to work for West Memphis Steel in 2000 and Chris went to work there in 2005. In 2009, each employee signed an "Employment, Non-disclosure, and Non-competition Agreement" with West Memphis Steel. Under the terms of the Agreements, for two years after quitting West Memphis Steel the employees were prohibited from soliciting the business of West Memphis Steel's "past, present, or prospective future customers or clients" within a 175-mile radius of West Memphis, Arkansas.[4]

---

[1] Doc. No. 15.

[2] Doc. No. 22.

[3] Unless otherwise noted, the background section is comprised of facts as set out in Defendant's Statement of Material Facts Not in Dispute (Doc. No. 17).

[4] Doc. Nos. 9-1, 9-2.

1

In January 2014, the employees quit and filed suit against West Memphis Steel, seeking declaratory judgment that the agreements' noncompete clauses are overly broad and unenforceable.[5] West Memphis Steel filed a counterclaim asserting that it is entitled to declaratory judgment finding the noncompete clauses (and other parts of the agreements) are valid and enforceable.[6]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[7] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[8]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[9] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[10] I must view the facts in the light most

---

[5] Doc. Nos. 1, 2, 26.

[6] After filing their Motion for Summary Judgment, Plaintiffs filed an Amended Complaint (Doc. No. 26) adding claims for breach of contract concerning allegedly unpaid commissions; and, Defendant filed its Answer and Counterclaim (Doc. No. 9), seeking declaratory judgment on the validity of the noncompete and nondisclosure clauses of the agreements and the sufficiency of consideration. But, because Plaintiffs argue only that the noncompete clause is overly broad, I do not address these other issues at this time.

[7] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[9] *Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[10] *Id.* at 728.

favorable to the party opposing the motion.[11] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[12]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[13]

### III. DISCUSSION

Arkansas law is a no friend of the noncompete agreement.[14] It is less fond of one made in connection with an employment contract (as opposed to one made in connection with the sale of a business).[15] A noncompete agreement that prohibits ordinary competition is not enforceable.[16] "Without statutory authorization or, some dominant policy justification, a contract in restraint of trade is unreasonable if it is based on a promise to refrain from competition that is not ancillary to a contract of employment or to a contract for the transfer of goodwill or other property."[17]

---

[11] *Id.* at 727-28.

[12] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[13] *Anderson*, 477 U.S. at 248.

[14] *HHR Ark., Inc. v. River City Contrs.*, 350 Ark. 420, 430 (2002).

[15] *Id.*

[16] *Import Motors, Inc. v. Luker*, 268 Ark. 1045, 1050-51 (1980).

[17] *Bendinger v. Marshalltown Trowel Co.*, 338 Ark. 410, 417-418 (1999).

"The enforceability of a covenant not to compete depends upon its reasonableness in light of the particular facts of the case."[18]  Noncompete clauses must be valid as written because courts applying Arkansas law will neither rewrite or vary the terms of noncompete clauses nor enforce only those parts that are valid.[19]  "Generally, the employer must meet these three requirements: (1) the employer has a valid interest to protect; (2) the geographic restriction is not overly broad; and (3) a reasonable time limit is given."[20]

West Memphis Steel has a valid interest in protecting the customers who the Morgans helped establish and with whom the Morgans closely worked.  But, the noncompete clauses take it a step too far by attempting to protect "prospective future customers or clients."  In *Moore v. Midwest Distribution, Inc.*, the Arkansas Court of Appeals held a noncompete clause that purports to prevent an employee from working in a state where the employer has not previously conducted business (as well as those where the employer has) is unenforceable because it is broader than necessary to protect a valid interest of the employer.[21]  In *Church Mutual Insurance Company v. Copenhaver*, the court declined to enforce a noncompete clause that purported to prevent an employee from soliciting customers with whom the employer had not previously done business (as well as those with whom the employer had) because it was broader than necessary to protect a valid interest of the employer.[22]  "The test is whether the restraint imposed is no

---

[18] *Rebsamen Ins. v. Milton*, 269 Ark. 737, 742 (1980).

[19] See, e.g., *Bendinger*, 338 Ark. at 410 (1999).

[20] *Freeman v. Brown Hiller, Inc.*, 102 Ark. App. 76, 81 (2008).

[21] *Moore v. Midwest Distrib., Inc.*, 76 Ark. App. 397, 402-403, 65 S.W.3d 490, 494 (2002).

[22] *Church Mut. Ins. Co. v. Copenhaver*, No. 4:09-CV-00487-JMM, 2010 WL 2105623 (E.D. Ark. 2010).

greater than is reasonably necessary for the protection of the [employer] and not so great as to injure a public interest."[23]

Here, the noncompete clauses take protecting West Memphis Steel a step too far by prohibiting the Morgans from competing with "prospective future customers or clients." West Memphis Steel suggests that by "prospective future customers or clients" it meant those customers with whom the Morgans had been working and developing, and it has a legitimate interest in protecting.[24] The agreement, however, does not include the definition of "prospective future customers and clients" in the way suggested by West Memphis Steel, and I am "unable to rewrite the restrictive covenant to supply it."[25]

Because the noncompete clauses attempt to restrict the Morgans more than is reasonably necessary to protect West Memphis Steel's legitimate interest, they are over broad. How close a noncompete clause comes to being just broad enough does not matter – if it misses by an inch, it misses by a mile.[26] Accordingly, the noncompete clauses are unenforceable, and the Morgans are entitled to summary judgment on this issue.

## CONCLUSION

For the reasons set out above, the Morgans' Motion for Partial Summary Judgment (Doc. No. 4) is GRANTED, and the claims related to the validity of the noncompete clause set out in West Memphis Steel's Counterclaim (Doc. No. 9) are DISMISSED with prejudice. The

---

[23] *Sensabaugh v. Farmers Ins. Exch.*, 420 F. Supp. 2d 980, 985 (E.D. Ark. 2006) (citing *Evans Laboratories, Inc. v. Melder*, 262 Ark. 868, 870 (1978)).

[24] Doc. No. 15.

[25] *Bendinger*, 338 Ark. at 419.

[26] See, *Church Mut. Ins. Co. v. Copenhaver*, No. 4:09-CV-00487-JMM, 2010 WL 2105623 (E.D. Ark. 2010).

5

Morgan's breach-of-contract claim and West Memphis Steel's counterclaim for declaratory judgment on the sufficiency of consideration and validity of the nondisclosure clauses remain.

IT IS SO ORDERED this 20th day of May, 2014.

                                             /s/ Billy Roy Wilson
                                        UNITED STATES DISTRICT JUDGE