**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**DANIEL SCOTT MORGAN &
CHRISTOPHER MICHAEL MORGAN**                                              **PLAINTIFF**

**VS.**                                        **3:14-CV-00015-BRW**

**WEST MEMPHIS STEEL & PIPE, INC.,**                                      **DEFENDANT**

**STIPULATED PROTECTIVE ORDER**

The parties' joint motion for protective order (Doc. No. 32) is GRANTED.  Accordingly, the following Protective Order governs discovery in this case.

1.   **Confidential Material**.  The term "**Confidential Material**" shall encompass any personal financial information and any trade secret or other confidential research, development, or commercial information that any person disclosing the information in the course of the above-captioned litigation ("**Designating Party**") deems in good faith to be confidential.

2.   **Application to Non-Parties**.  If information is sought from a non-party, such non-parties may obtain the protections of this Stipulated Protective Order by agreeing in writing to produce information pursuant to this Stipulated Protective Order and to be bound by it.

3.   **Scope of this Stipulated Protective Order**.  This Stipulated Protective Order shall govern Confidential Material that meets the following three requirements:

(a)   All non-public information, things, or documents (or portions thereof) produced in response to discovery requests, subpoenas, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, stipulations, responses to requests for admission, and all other discovery taken, testimony adduced at trial, matters in evidence before this Court, and other information any Party or other person responding to a subpoena (collectively "Designating Party"), reasonably and in good faith believes to contain trade secrets or other confidential, proprietary, technical, or commercial information;

(b)     That the Designating Party designates as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of Paragraph 6 below; and

(c)     Which is thereafter furnished, filed, or served, directly or indirectly, by or on behalf of a Party in connection with the above-captioned action (this **"Litigation"**).

The scope of this Stipulated Protective Order shall encompass not only those items or things that are expressly designated as Confidential Material, but also any information that can only be derived therefrom, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this Litigation and, in the course thereof, relying upon any information designated as Confidential Material, provided the contents of the information shall not be disclosed.

4.     **Certain Information Not Subject to the Stipulated Protective Order**.  This Stipulated Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of:

(a)     Its own Confidential Material for any purpose;

(b)     Confidential Material that was, is, or becomes public knowledge, not in violation of this Stipulated Protective Order; and/or

(c)     Confidential Material that is rightfully received by such Party from another person which has authority to provide such information or material and without restriction as to disclosure.

5.     **Designation of Confidential Material**.  Under this Stipulated Protective Order, a Designating Party who provides Confidential Material may designate that Confidential Material as either **"Confidential"** or **"Confidential - Attorneys' Eyes Only,"** if it complies with the following definitions:

(a)     **"CONFIDENTIAL"** for any material defined in Paragraph 1 above, except for material designated pursuant to Paragraph 5(b); or

(b) **"CONFIDENTIAL - ATTORNEYS' EYES ONLY"** for information which, in the good faith belief of the Designating Party and its counsel, is among that considered to be highly sensitive by the Party, including but not limited to trade secrets or other confidential research, development, financial, or other commercial information.

Designating Parties will exercise reasonable judgment in classifying Confidential Material so as to keep to a minimum the number of documents designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

6. **Designation of Material.** The designation of Confidential Material shall be made in accordance with the following provisions:

(a) **Documents.** Documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony) shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of any document containing any Confidential Material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

(b) **Designation of Deposition Testimony.** Deposition testimony shall be designated in whole or in part, as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by either:

(i) Oral designation on the record. In the case of oral designation on the record, the person making the designation or his Attorney shall instruct the court reporter to stamp the words "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, on each transcript page so designated; or

(ii) Written notice after Transcription. The Parties shall treat depositions and other pretrial testimony as "CONFIDENTIAL" hereunder until the expiration of fifteen (15) business days after the mailing (via overnight mail) to counsel of the transcript of the deposition. Any confidentiality is waived after the expiration of the 15-day period unless stipulated or designated consistent with Paragraph 6(c). The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "CONFIDENTIAL" is used during the

course of a deposition, that portion of the deposition record reflecting such confidential information shall be stamped as "CONFIDENTIAL," and access thereto shall be limited pursuant to the other terms of this Stipulated Protective Order.

(iii)   The disclosing Party shall have the right to exclude from attendance at a deposition, during such time as the Confidential Material is to be disclosed, any person other than a person entitled to receive Confidential Material as set out in Paragraph 7, below.

(c)   **Subsequent Designations**.  Any Confidential Material shall be designated as "CONFIDENTIAL" after it has been produced without having been so designated in the following manner:

(i)   Counsel for the Parties to whom such documents, testimony, or other information have been disclosed must be advised in writing of the new designation;

(ii)   The designation applies only as of the date and time of receipt of notice by each person notified;

(iii)   Counsel for the Parties receiving notice of newly designated documents, testimony, or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistently with such new designation, but shall not be responsible for any disclosure occurring before receipt of notice described in Paragraph 6(c)(i) above; and

(iv)   Counsel for the Designating Party will provide counsel for the Party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the new designation.

7.   **Persons to Whom Confidential Material May Be Disclosed**.   Confidential

Material may be disclosed only as follows:

(a)   **"CONFIDENTIAL - ATTORNEYS' EYES ONLY" Designated Material**.  This Confidential Material may be disclosed to the persons designated below:

(i)   Any attorney who serves as outside litigation counsel of record to any Party to this Litigation ("**Attorney**");

(ii)   All legal assistants, stenographic, and clerical employees working under the supervision of an Attorney identified in Paragraph 7(a)(i);

4

(iii)    The Parties' independent expert(s) or consultant(s), provided that any such person(s) agree(s) to be bound by this Stipulated Protective Order by signing a copy of the acknowledgement form attached as <u>Exhibit A</u>;

(iv)    Any person who is indicated on the face of the material to be the author or a recipient of the designated material;

(v)    Any person of whom testimony is taken where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person;

(vi)    Stenographic or recording personnel during the course of a deposition;

(vii)    The Court, jury, and court personnel in this Proceeding, including court reporters, in accordance with Paragraphs 11 and 12 herein; and

(viii)    Any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this Litigation and any non-technical jury or trial consulting services, provided that any such person(s) agrees to be bound by this Stipulated Protective Order by signing a copy of the acknowledgment form attached as <u>Exhibit A</u>.

(b)    **"CONFIDENTIAL" Designated Material.**  This Confidential Material may be disclosed to the persons designated in Paragraph 7(a) above, and, in addition, to the following:

(i)    The Parties and their officers, directors, members, and/or employees who are involved in the conduct of this Litigation.

(c)    To any other Person to whom the Parties agree, in writing, prior to disclosure, which agreement will not be unreasonably withheld.

8.    **<u>Disclosure of Information in Other Proceedings</u>**.  Any Party that receives legal process or request seeking Confidential Material which was produced or designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by another person, other than the receiving Party, must respond in accordance with this Stipulated Protective Order. For these purposes, legal process or request shall include the Party's receipt of:  (a) subpoena in

another action; (b) service of a demand in another action to which it is a party; or (c) service of

any other legal process by one not a party to this action.

      (a)    **Notice**.  The subpoenaed or served Party shall give prompt written notice, by hand or facsimile transmission, as well as e-mail delivery, within three (3) days of receipt of such subpoena, demand, or legal process, to those who produced or designated the information or material "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

      (b)    **Objections**.  The subpoenaed or served Party shall object to its production to the extent permitted by law.  Should the person seeking access to the information or material take action against the Party or anyone else covered by this Stipulated Protective Order to enforce such a subpoena, demand, or other legal process, the Party shall respond by setting forth the existence of this Stipulated Protective Order.

Nothing herein shall be construed as requiring the Party or anyone else covered by this

Stipulated Protective Order to challenge or appeal any order requiring production of information

or material covered by this Stipulated Protective Order, or to subject itself to any penalties for

noncompliance with any legal process or order, or to seek any relief from this Court.

9.    **<u>Clawback Agreement</u>**.   The Parties recognize that some documents and

electronically stored information ("**ESI**") that may be produced in this Litigation may

inadvertently contain information not subject to discovery under the Federal Rules of Civil

Procedure, including (i) attorney-client privileged communications and other information

protected as "privileged" under the Federal Rules of Evidence ("**Privileged Material**"); and (ii)

attorney work-product material prepared or compiled in anticipation of litigation ("**Work-**

**Product Material**").  The Parties agree that the inadvertent disclosure of any document or ESI

which is subject to a legitimate claim that the document or ESI should have been withheld from

disclosure as Work-Product Material or Privileged Material (referred to collectively as

"**Protected Material**") shall **NOT** waive any privilege or other applicable protective doctrine for

that document or ESI, nor for the subject matter of the inadvertently disclosed statement or ESI,

if the Party which made the production, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure. The following procedures shall apply:

(a)     **Prompt Return**.  Except in the event that the Party that received the Protected Material ("Receiving Party") disputes the claim pursuant to Paragraph 9(b), any documents which the producing Party deems to contain inadvertently disclosed Protected Material ("Producing Party") shall be, upon written request, promptly returned to the Producing Party at the Producing Party's option.  For this Paragraph 9(a), "prompt return" means within five (5) days of receiving the notification.  This includes all copies, electronic or otherwise, of any such documents.

(b)     **Dispute**.  In the event that the Receiving Party disputes, in writing, the Producing Party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of the Receiving Party's Attorney for the sole purpose of seeking court determination of the issue pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.  If the Receiving Party does not seek a court determination within ten (10) business days of the written request for return, it must follow the Prompt Return provisions of Paragraph 9(a) for the retained set of copies.

10.     **Inadvertent Production of Materials to Unauthorized Non-Parties**.  Should any information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the Party that made the disclosure shall use its best efforts to obtain a return of the Confidential Material, prevent further disclosure, and identify such person immediately to the Designating Party.

11.     **Use Limitations**.  All material that has been designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used only for the purpose of preparing for and conducting this Litigation (including appeals) and not for any business, research, development, or other purpose whatsoever, and shall not be given, shown, or made

available or communicated or summarized in any way to anyone except as specified in Paragraph 8 above.

12.      **Use in Court**.  Attorneys for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings.

13.      **Court Filings and Proceedings Involving "Confidential" or "Confidential - Attorneys' Eyes Only" Material.**

If a Party wishes to include or refer to information protected under this Order in any motion or other document it files with or submits to the Court, the party shall file the protected information under seal, following the procedures specified in the Court's Local Rules and its Electronic Case Filing Rules and Procedures.  If information protected under this Order is used in depositions, only persons eligible to obtain such information under Paragraph 7 of this Order may be present, and the procedures provided in that Paragraph shall be followed.

14.      **Resolution of Disputes Regarding Designation**.  Whenever a Party objects to the classification of a document or transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as defined in Paragraph 5 herein, the procedures set forth in this Paragraph 14 shall control.

(a)      **Written Objection**.  The Party objecting to the designation shall, at any time during the pendency of this action, in writing, inform the Designating Party of the objection and allegedly improper designation.

(b)      **Basis of Designation**.   Once informed of an allegedly improper designation, the Designating Party has seven (7) business days from the date of service to respond and provide its written bases for the asserted designation ("**Basis of Designation**").

(c)      **Good Faith Conference**.  Within five (5) business days after the Basis of Designation is served, the Parties must conduct a good faith conference to discuss the continued validity of the asserted designation.

(d) **Application**.  To the extent the Parties are unable to reach an agreement as to the designation, the Designating Party may make an appropriate application to this Court within seven (7) business days after conferring with the objecting Party or, if the good faith conference between the Parties does not take place, within twelve (12) business days after the bases for the continued, asserted designations are served.

    (i) Confidential portions are to be kept under seal in accordance with Paragraph 13 requesting that specifically identified documents, information, and/or deposition testimony be afforded treatment under the provisions of this Stipulated Protective Order.

    (ii) Upon such application, the Party asserting confidentiality bears the burden to establish same.

    (iii) Until the Court enters an order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "CONFIDENTIAL" treatment described herein.

15.　**<u>Disposition of Confidential Material Following Conclusion of Litigation</u>**.  The provisions of this Stipulated Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Proceeding, including without limitation, on any appeals.  Within thirty (30) days after termination of this Litigation and the expiration of time for all appeals, all originals and copies of a Party's Confidential Material (except as set forth in Paragraph 15(a) below) shall be returned to counsel for the respective Party that produced such Confidential Material or destroyed, and any copies of electronic files transferred onto a computer hard drive will be erased.  All extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each recipient of the material and a certificate of their destruction will be provided to the Designating Party.  The termination of proceedings in this Litigation shall not thereafter relieve the Parties from the obligation to maintain the confidentiality of all Confidential Material received pursuant to this Stipulated Protective Order.  Any Confidential Material received from non-parties will be destroyed by the

receiving parties within thirty (30) days after termination of this Litigation and the expiration of time for all appeals.

> (a)     Attorneys described in Paragraph 7(a)(i) above shall be entitled to retain "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pleadings, correspondence, discovery requests and responses, deposition transcripts of its own client's witnesses, court transcripts, and exhibits, and attorney work-product, provided that such Attorney and employees of such Attorney not disclose any such information and material designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" contained in such pleadings, correspondence, discovery requests and responses, transcripts, and exhibits, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party of the information or material or unless compelled to do so by law.

> (b)     All materials returned to the Parties or their Attorney by the Court likewise shall be disposed of or retained in accordance with this Paragraph 15.

16.     **Non-Parties**.  In the event information in the possession or control of a Party involves the confidentiality rights of a non-party, or its disclosure would violate a Protective Order issued in another action, the Party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order.  If the consent of the non-party cannot be obtained, the Party will notify the Party seeking discovery of (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations).  The Party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

17.     **Inspection of Documents**.  To facilitate the inspection of large volumes of documents or electronic information without the need to first affix a designation to such documents or information, the Producing Party may, at its option, permit counsel for the Receiving Party to initially inspect the documents or electronic information for the purpose of

10

designating which documents or electronic information are to be copied, and the Producing Party need only thereafter affix said designation to the copies of the documents or information designated to be copied.  In this event, the Receiving Party will treat any information gleaned in its initial inspection, which is not contained in the copied documents, as being designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or as otherwise designated at the time of inspection by the Producing Party.

18.     **<u>Reservation of Rights</u>**.  Adherence to this Stipulated Protective Order in no way constitutes an admission by any Party that any information provided in this Litigation and not subject to this Stipulated Protective Order is not proprietary or confidential.  Moreover, this Stipulated Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person, nor obligate any Party or person to provide any discovery to which it asserts objections.  Nothing in the foregoing provisions of this Stipulated Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that Party may deem appropriate, including but not limited to, restrictions on public disclosure or disclosure to competitors.

19.     **<u>Modifications</u>**.  It is the present intention of the Parties that the provisions of this Stipulated Protective Order shall govern discovery and other pretrial proceedings in this action.  Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulated Protective Order by application to the Court on notice to the other Party hereto for good cause.  In the event such an application is made, all persons described herein shall be bound by this Stipulated Protective Order until it is modified by the Court.

20.     **Continuing Obligation/Retention of Jurisdiction**.  This Order shall continue to be binding after the conclusion of this Litigation, and the Court shall retain limited jurisdiction over the Parties hereto for purposes of enforcing any obligations imposed hereby.

IT IS SO ORDERED this  6th day of June, 2014.

/s/ BILLY ROY WILSON
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND SUBSTANCE:

Respectfully submitted,

Dated: 5/29/2014                  /s/ William B. Ryan
                                  William B. Ryan - (Tenn. Bar # 20269)
                                  Bryce W. Ashby –  (Tenn. Bar # 26179)
                                  Janelle Crandall Osowski –  (Tenn. Bar #31359)
                                  DONATI LAW, PLLC
                                  1545 Union Avenue
                                  Memphis, Tennessee 38104
                                  Phone: (901)-278-1004
                                  Fax: (901)-278-3111
                                  billy@donatilawfirm.com
                                  bryce@donatilawfirm.com
                                  janelle@donatilaw.com

                                  *Counsel for Daniel Scott Morgan &*
                                  *Christopher Michael Morgan*


Dated: 5/29/2014                  /s/ Robert E. Craddock, Jr.
                                  Robert E. Craddock, Jr. (Ark. Bar #2008296)
                                  Kathryn K. Van Namen (Tenn. Bar #31322)
                                  Wyatt Tarrant & Combs, LLP
                                  1715 Aaron Brenner Drive, Suite 800
                                  Memphis, Tennessee 38120-4367
                                  Telephone: (901) 537-1000
                                  Fax: (901) 537-1010
                                  rcraddock@wyattfirm.com
                                  kvannamen@wyattfirm.com

                                  *Counsel  for  West  Memphis  Steel  &  Pipe,  Inc.*

EXHIBIT A
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that he/she received a copy of the Stipulated Protective Order entered in the action entitled *Daniel Scott Morgan & Christopher Michael Morgan v. West Memphis Steel & Pipe, Inc.,* Case No. 3:14-cv-15, pending in the United States District Court for the Eastern District of Arkansas at Jonesboro, has read same and agrees to (1) be bound by all of the provisions there, (2) submits to the jurisdiction of the United States District Court for the United States District Court for the Eastern District of Arkansas for matters relating to this action, and (3) hereby appoints _____ as his/her agent for service of process in connection with this action.

Date:_____          _____
                                [Name of individual to whom disclosure will be made]